**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

| | |
|---|---|
| ROGER LIS, | |
| Plaintiff, | No. _____ |
| v. | |
| COMCAST OF CHICAGO, INC.; COMCAST OF ILLINOIS I, INC.; COMCAST OF ILLINOIS III, INC.; COMCAST OF ILLINOIS IV, INC.; COMCAST OF ILLINOIS/TEXAS, INC.; COMCAST MO EXPRESS OF ILLINOIS, INC.; COMCAST OF NORTHERN ILLINOIS,  INC.; COMCAST SOUND COMMUNICATIONS, INC.; COMCAST OF SOUTH CHICAGO, INC.; COMCASTIC, INC.; and DOES 1-150, | FILED: JULY 14, 2008<br>08CV3984<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE COX<br>YM |
| Defendants. | |

---

## NOTICE OF REMOVAL

Defendants Comcast of Chicago, Inc., Comcast of Illinois I, Inc., Comcast of Illinois III, Inc., Comcast of Illinois IV, Inc., Comcast of Illinois/Texas, Inc., Comcast MO Express of Illinois, Inc., Comcast of Northern Illinois, Inc., Comcast Sound Communications, Inc., and Comcast of South Chicago, Inc. (collectively, "Comcast"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, hereby give notice of the removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.  In support hereof, Comcast avers as follows.

### JURISDICTIONAL STATEMENT – DIVERSITY JURISDICTION

1.     The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4

(2005) grants federal courts jurisdiction over class actions in which there is minimal diversity, an aggregate amount in controversy in excess of $5,000,000, and 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).  It applies to any class action that is commenced on or after its effective date, i.e., February 18, 2005. *See* 28 U.S.C. § 1332 note.

2.    Plaintiff Roger Lis ("Plaintiff") commenced this action on or about June 5, 2008 by filing a putative class action complaint in the Chancery Division of the Circuit Court of Cook County, Illinois under the caption *Lis v. Comcast of Chicago, Inc., et al.*, No. 08CH20354. *See generally* Pl.'s Compl. (attached hereto as part of Exhibit A).  Accordingly, this action was commenced after CAFA's effective date.

3.    Plaintiff brings this putative interstate class action on behalf of himself, a citizen of Illinois, Pl.'s Compl. ¶¶ 6, 37, as well as a putative class that includes "[a]ll citizens of Illinois who purchased or maintained high-speed Internet service from Comcast at any time between June 5, 2005 and the date that the Court certifies the class." *Id.* ¶ 43.  That putative class consists of: (a) subscribers who are currently citizens of Illinois; (b) subscribers who were citizens of Illinois when they subscribed to Comcast's service but have since redomiciled in another state; and (c) subscribers who were citizens of Illinois when they subscribed to Comcast's service but redomicile in another state before "the date that the Court certifies the class." *Id.*

4.    With the exception of "Comcastic, Inc.," which upon information and belief is not affiliated with Comcast Corporation or any of its subsidiaries or affiliates, the named Defendants are subsidiaries of Comcast Corporation that are domiciled and organized inside and outside of Illinois.

5.    Comcast of Chicago, Inc., Comcast of Illinois I, Inc., Comcast of Illinois III, Inc., Comcast of Illinois IV, Inc., Comcast of Northern Illinois, Inc., and Comcast of South Chicago, Inc. are subsidiaries of Comcast Corporation that are organized in Illinois.

6.    However, Comcast of Illinois/Texas, Inc. was re-domiciled to Delaware on July 14, 2006, and then merged into Comcast Indiana/Michigan/Texas LP, a Delaware Limited Partnership with corporate offices in Pennsylvania, on July 26, 2006. *See* Certificate of Merger

of Comcast Illinois/Texas Inc. (attached hereto as Exhibit B); Certificate of Merger of Comcast of Plano, LP, *et al.* (attached hereto as Exhibit C).

7.      Similarly, Comcast MO Express of Illinois, Inc. merged into Comcast MO Telecommunications Corp., a Delaware corporation, in 2004. *See* Certificate of Merger and Ownership of Comcast MO Express of Illinois, Inc. (attached hereto as Exhibit D).

8.      Finally, Comcast Sound Communications, Inc. merged into Comcast Programming Holdings, Inc., a Delaware corporation, in 1999. *See* Articles of Merger of Comcast Programming Holdings, Inc. (attached hereto as Exhibit E).

9.      Moreover, Comcast Cable Communications Holding, Inc., Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, the national operating entities that are responsible for the nationwide advertising and marketing of Comcast's high-speed Internet service and for developing and implementing network management practices, are organized in Delaware and have principal places of business in Pennsylvania. Because those entities are required parties within the meaning of Federal Rule of Civil Procedure 19, their citizenships must be considered when determining whether minimal diversity exists for purposes of CAFA. *See Roche v. Country Mut. Ins. Co.*, No. 07-367, 2007 WL 2003092 (S.D. Ill. July 6, 2007).[1]

10.      Accordingly, there is at least minimal diversity for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

11.      Plaintiff alleges that the putative class consists of "thousands" of people and is so numerous that the joinder of individual members of the putative class is "impracticable." *See* Pl.'s Compl. ¶ 44. Plaintiff purports to represent not only current and former subscribers as of the filing of the Complaint, but also new subscribers up to and including "the date that the Court certifies the Class." *See id.* ¶ 43.

---

[1]      Because Comcast intends to move to compel arbitration of Plaintiff's claims, it is not filing a motion to join these required defendants at this time. In the event this action proceeds in court instead of arbitration, Comcast will so move at the appropriate time.

12. Based on the number of people with Illinois billing addresses who received high-speed Internet service from a subsidiary of Comcast Corporation as of June 30, 2008 (which is confidential and non-public), well in excess of 50,000 subscribers fall within the definition of the putative class. That number would increase substantially if it included subscribers who initiate service in the future and/or subscribers who terminated their service before June 30, 2008. To the extent Plaintiff's class definition seeks to include businesses as well as residential subscribers, the putative class would be larger still.

13. Accordingly, there are more than 100 members of the putative class. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Plaintiff seeks relief in the form of "compensatory damages" for himself and the members of the putative class. *See* Pl.'s Compl., Prayer for Relief ¶ V. For the three most recent fiscal quarters for which revenue data is publicly available (i.e., 3Q07, 4Q07 and 1Q08), Comcast's average monthly revenue per high-speed Internet subscriber was approximately $42.51. Press Release, Comcast Reports First Quarter 2008 Results at 9 (Oct. 2007), available at http://library.corporate-ir.net/library/11/118/118591/items/291108/1Q08PR.pdf. Using that figure, which takes into account all of the many variations in the types of plans offered to subscribers, the value of the requested classwide restitution for just the last three (3) months would exceed $5,000,000.

15. Plaintiff also seeks an award of punitive damages and an award of his attorneys' fees and costs, which could be substantial. *See* Pl.'s Compl., Prayer for Relief ¶¶ VI, VIII, X.

16. Plaintiff also seeks relief in the form of an order directing Comcast "to notify each and every member of the Class of the pendency of the claims in this action." Pl.'s Compl., Prayer for Relief ¶ II. In light of the total number of high-speed Internet subscribers with Illinois billing addresses as of June 30, 2008 (which is confidential and non-public), the cost of postage alone would be substantial. Those costs would increase substantially if the cost of generating and coordinating the requested mailing of the notice were included as well.

17. Plaintiff also seeks broad injunctive relief that would require Comcast to change

the way it currently provides and advertises its high-speed Internet services.  *See* Pl.'s Compl., Prayer for Relief ¶ III.  Because of the nationwide nature of Comcast's high-speed Internet service and its advertisements, notices, and billing system, the cost to Comcast of complying with the requested equitable relief would be substantial.

18.     Although Comcast denies it has any liability to Plaintiff or the putative class, and denies that any such class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate value of the compensatory, statutory and exemplary damages sought by Plaintiff, as well as the cost to Comcast of complying with the equitable relief sought by Plaintiff, would exceed $5,000,000.[2]

19.     Accordingly, the alleged aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

20.     Because this action commenced after February 18, 2005, there is minimal diversity, more than 100 putative class members and an aggregate amount in controversy in excess of $5,000,000, this Court has original subject matter jurisdiction over this putative class action.  *See* 28 U.S.C. § 1332(d)(2)(A).

21.     Because this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, it is removable pursuant to 28 U.S.C. § 1441(a).

### JURISDICTIONAL STATEMENT – FEDERAL QUESTION JURISDICTION

22.     Alternatively, to the extent Plaintiff challenges Comcast's management of its network rather than Comcast's marketing and advertisement of its services, this Court has original jurisdiction over this action because such claims arise under federal law.

---

[2]     By removing an action under CAFA, Comcast does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the putative class. *See, e.g.*, *Key v. DSW, Inc.*, No. 06-0459, 2006 WL 2794930, at *7 (S.D. Ohio Sept. 27, 2006).

23.    Congress has declared that "the policy of the United States" is that the Internet, a channel of interstate commerce and communications, should be "unfettered" by state regulation. 47 U.S.C. § 230(b).  By any measure, its decision to free the Internet from state regulation has been a resounding success.  When the Internet first emerged, it was accessible to only a handful of people.  It is now available and affordable to millions of customers, from all parts of the country and all walks of life, through conduits such as dial-up, broadband (cable, DSL and BPL), fixed wireless and even satellite.  In short, it has become a ubiquitous part of every day life.  *See, e.g.*, U.S. Dept. of Commerce, *A Nation Online: Entering The Broadband Age* (Sept. 2004), *available at*  http://www.ntia.doc.gov/reports/anol/NationOnlineBroadband04.pdf.

24.    Any suggestion that state law requires Comcast to manage its interstate network differently flies in the face of Congress's decision to free the Internet from state regulation. Indeed, if Illinois can establish its own rules for what network management methods may or may not be used, then by extension each of the fifty states may do so as well, leading to a morass of inevitably conflicting rules.  Moreover, requiring the degree of "disclosure" sought in this case would enable subscribers to evade Comcast's network management entirely, a result that is functionally indistinguishable from requiring Comcast to cease network management altogether. In short, any attempt to use state law to regulate the manner in which Comcast manages its network is a direct challenge to the federal government's decision to create a uniform deregulatory environment for the Internet by freeing Internet services from state regulation. Such claims are inherently federal in character, making an action raising such claims removable on three separate grounds: (a) the complete preemption doctrine; (b) the substantial federal question doctrine; and (c) the artful pleading doctrine.

25.    Accordingly, to the extent Plaintiff challenges Comcast's management of its network rather than Comcast's marketing and advertisement of its services, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, making this action removable pursuant to 28 U.S.C. § 1441(a).  To the extent this Court determines that this action presents any state law claims, this Court has supplemental jurisdiction over such claims pursuant

to 28 U.S.C. § 1367.

## PROCEDURAL STATEMENT

26.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint and all other process, pleadings and orders that Plaintiff purportedly served on Comcast as of the date of this Notice are attached hereto as Exhibit A.

27.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days of service, as Plaintiff served the Complaint on or after June 26, 2008. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

28.    Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all Defendants in order to remove this action.  Nevertheless, every served Defendant does consent.

29.    Pursuant to 28 U.S.C. § 1453(b), Comcast may remove this action even if one or more Defendants is a citizen of the state in which this action was brought.

30.    Pursuant to 28 U.S.C. § 1441(a), removal to the Eastern Division of the United States District Court for the Northern District of Illinois is proper because that Division and District embrace the Circuit Court of Cook County, Illinois, where this action is currently pending.  *See* 28 U.S.C. § 93(a).

31.    Pursuant to 28 U.S.C. § 1446(d), Comcast will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, Illinois, and give written notice of the removal of this action to counsel for Plaintiff.

32.    By removing the action to this Court, Comcast does not waive any defenses, objections or motions available to it under state or federal law.  Comcast expressly reserves the right to require that the claims of Plaintiff and the unnamed members of the putative class be decided through individual binding arbitrations, to move to join required parties as defendants, and to move for the entry of judgment in favor of Comcast and against Plaintiff pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, Comcast respectfully removes to federal court the above-captioned civil action, which is currently pending in the Chancery Division of the Circuit Court of Cook County, Illinois.

Dated:  July 14, 2008                          **/s/  Bradley J. Andreozzi**
                                               Bradley J. Andreozzi (ARDC No. 6257334)
                                               Justin O. Kay (ARDC No. 6286557)
                                               DRINKER BIDDLE & REATH LLP
                                               191 North Wacker Drive
                                               Suite 3700
                                               Chicago, IL 60606-1698
                                               (312) 569-1173 (tel.)
                                               (312) 569-3173 (fax)
                                               Bradley.Andreozzi@dbr.com
                                               Justin.Kay@dbr.com

                                               *Counsel for Defendants*

                                               Seamus C. Duffy
                                               Michael W. McTigue Jr.
                                               Michael P. Daly
                                               DRINKER BIDDLE & REATH LLP
                                               One Logan Square
                                               18th & Cherry Streets
                                               Philadelphia, Pennsylvania 19103-6996
                                               (215) 988-2700 (tel.)
                                               (215) 988-2757 (fax)
                                               Seamus.Duffy@dbr.com
                                               Michael.McTigue@dbr.com
                                               Michael.Daly@dbr.com

                                               *Of counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I, Justin O. Kay, hereby certify that, on the date set forth below, I caused true and correct copies of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

Kenneth J. Brennan
John A. Bruegger
SIMMONSCOOPER LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024

*Counsel for Plaintiff Roger Lis*

August J. Matteis, Jr.
Brian Wienthal
GILBERT RANDOLPH LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005

*Counsel for Plaintiff Roger Lis*

Dated:  July 14, 2008

**/s/  Justin O. Kay**
Justin O. Kay

08CV3984
JUDGE ZAGEL
MAGISTRATE JUDGE COX
YM

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

------------------------------------------------------------ :

Roger Lis,
On Behalf of Himself, and
All Others Similarly Situated,

                     Plaintiff,

     v.

COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS, INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150,

                   Defendants.

------------------------------------------------------------ :

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

```
  FILED
  CH-802
  JUN 0 5 2008
  DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
   OF COOK COUNTY, IL
```

**08 C H 2 0 3 5 4**

Civil No._____

**CLASS ACTION**

**JURY TRIAL DEMANDED**

<u>**CLASS ACTION COMPLAINT**</u>

     Plaintiff, Roger Lis ("Plaintiff"), on behalf of himself and all others similarly situated,

based on information and belief and investigation of his counsel except for information based on

personal knowledge, hereby alleges:

     1.        Speed and access are key features of high-speed Internet service. Defendant

entities (collectively, "Comcast" or "Defendant"), providers of Internet service to citizens of

Illinois, advertise, market, and sell their high-speed Internet service as providing "the fastest

Internet connection" and "unfettered access to all the content, services, and applications that the

Internet has to offer." Comcast specifically represents that it provides the fastest possible access to "web applications" that are the most "data intensive" and that it "does not block access to any web sites or online applications, including peer-to-peer services." These and other similar statements by Comcast are patently false.

2.     Comcast intentionally blocks its customers from using peer-to-peer ("P2P") file-sharing and other Internet applications, or otherwise impedes those applications, and it does so in a deceptive manner – by impersonating the computers of users attempting to share files. Comcast forges what are known as "reset packets," making it appear as if they are coming from one of the computers attempting to file-share. The forged reset packets tell the transmitting computer to stop its transmission. In other words, if file-sharing is analogized to a phone conversation, Comcast is like an operator who breaks in, disguises her or her voice as one of the callers, says "talk to you later," and abruptly disconnects the call.

3.     Comcast's clandestine techniques are similar to those used by totalitarian governments to censor the use of the Internet. No doubt Comcast would characterize the behavior as illegal and malicious hacking if perpetrated by others on Comcast and its customers. Indeed, Comcast's customers would be justified in assuming that Comcast was protecting them from that sort of conduct, rather than subjecting them to it.

4.     Comcast's customers were not told that Comcast would block or otherwise impede P2P file-sharing or any other Internet applications. On the contrary, they were assured by Comcast that they would receive "unfettered access" to the Internet and its applications using the "fastest Internet connection." They never authorized Comcast to engage in practices contrary to these promises.

5.     As a result of Comcast's actions, Plaintiff and the other members of the

Class paid for a promised service that they did not receive.  Comcast's actions constitute

deceptive trade practices under the Illinois Consumer Fraud and Deceptive Trade Practices Act

("Illinois Consumer Fraud Act"), including, but not limited to, the use or employment of any

deception, fraud, false pretense, false promise, misrepresentation, or the concealment,

suppression, or omission of any material fact, with intent that others rely upon the concealment,

suppression, or omission of such material fact, or the use or employment of any practice

described in Section 2 of the Illinois Deceptive Trade Practices Act, in the conduct of any trade

or commerce, all of which actions by statute are deemed unlawful whether any person has in fact

been misled, deceived, or damaged thereby.  *See* 815 ILCS 505/2.  The Illinois Deceptive Trade

Practices Act provides, among other things, that a person engages in a deceptive trade practice

when that person represents that the goods or services are of a particular standard, quality, or

grade or that goods are a particular style or model if they are of another or advertises goods or

services with intent not to sell them as advertised.  *See* 815 ILCS 510/2 (a)(7) and (9),

respectively.  As defined in the Illinois Consumer Fraud Act, trade or commerce includes

services such as Internet service.  *See* 815 ILCS 505/1.  Accordingly, Plaintiff, on behalf of

himself, and those similarly situated, seeks all relief to which he is entitled, including equitable

relief, actual damages, punitive damages, reasonable attorneys fees, filing fees and reasonable

costs of suit.  *See* 815 ILCS 505/10a(c).

## PARTIES TO THE ACTION

6.    Plaintiff, who is a resident of Cook County, Illinois and is a "consumer" within the meaning of 815 ILCS 505/1(e), brings this action on behalf of himself and all those similarly situated.  Plaintiff subscribed to Comcast's high-speed Internet service for a period of approximately eight (8) years beginning in 1999.

7.    Comcast of Chicago, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois.  Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

8.    Comcast of Illinois I, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois.  Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

9.    Comcast of Illinois III, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois.  Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

10.    Comcast of Illinois IV, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois.  Defendant's

conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

11.     Comcast of Illinois/Texas, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois. Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

12.     Comcast MO Express of Illinois, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois. Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

13.     Comcast of Northern Illinois, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois. Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

14.     Comcast Sound Communications, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois. Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

Case No. _____

15.    Comcast of South Chicago, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois. Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

16.    Comcastic, Inc., is an Illinois domestic corporation, whose registered agent, C T Corporation System, has an address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, and is authorized to, and regularly does, conduct business within Illinois. Defendant's conduct occurred in the course of trade and commerce within the meaning of 815 ILCS 505(1)(f).

17.    Defendants DOES 1 – 150 are persons or entities whose true names and affiliations are currently unknown to Plaintiff, and who therefore are sued under fictitious names. Plaintiff alleges that each of the fictitiously named Defendants is a domestic Illinois corporation. Plaintiff further alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein. Plaintiff will amend this Complaint to state the true names and affiliations of Defendants DOES 1 – 150 as soon as such information is ascertained.

18.    The terms "Comcast" and "Defendants" as used herein, are defined to mean the Defendants named in Paragraphs 7 through 17 above.

19.    The causes of action alleged herein arise out of Comcast's high-speed Internet service, trade practices, and advertising strategies originating and employed in Illinois.

## JURISDICTION AND VENUE

20.    Jurisdiction over Comcast is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), Section 2-209((a)(7) (making or performance of any contract or promise substantially connected with this State), Section 2-209(b)(4) (corporation doing business

within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).  735 ILCS 5/2-209(a)(1), (a)(7), (b)(4), and (c).

21.     The Court has subject matter jurisdiction over the action pursuant to 815 ILCS 505/2 because, as explained more fully herein, Comcast's actions violate the Illinois Consumer Fraud Act.

22.     Venue is proper within the County pursuant to 735 ILCS 5/2-101 because the transaction or some part thereof out of which the cause of action arose occurred within this County.

## FACTUAL ALLEGATIONS

**A.     Comcast Markets High Speeds and Unfettered Access to the Internet.**

23.     Comcast provides high-speed Internet services to the citizens of Illinois.

24.     Fast download and upload speeds and unfettered access are key features of Internet service.  These features are especially important to consumers who download or upload large files.

25.     Comcast advertises, markets, and sells its high-speed Internet service on the express basis that it provides exceptionally fast and unfettered access to the Internet.

26.     Regarding the speed of its Internet access, Comcast represents, among other things, the following:

- "[W]hen it comes to getting the fastest Internet connection, a lot of different services claim to be the fastest, but Comcast actually delivers."

- "The speed that the digital cable Internet connection can provide blows away the speeds that most competing technologies can attain."

- "Comcast's high speed Internet service provides anywhere from four to six times the speed that DSL based Internet access can provide!"

- That its service is "Blazing-Fast," "Crazy-Fast," "Mind-Blowing," "Scorching," "Lightning-Fast," and "Way Faster Than DSL."

27. Comcast represents that it provides the fastest speeds precisely for the applications that need it most – those that require large amounts of data to be uploaded and downloaded:

- "[Comcast] makes it possible for you to download even large files in just a few moments and to get onto sites such as gaming sites or virtual worlds."

- "Comcast's high speed Internet also has the advantage of always being on and ready for use."

- "In order to unleash the full power of the Internet, you need to have the fastest possible access to it in your own home. The will be even more true as the Internet becomes an ever growing part of our lives. The need for speed comes from the fact that many of the best Web applications are also the most data intensive. That in turn, translates into requiring either more time or speed to download them, and since nobody wants to be staring at a download progress meter any longer than they have to, faster Internet connections equal a more enjoyable experience of surfing the Web."

- "[Comcast] monitors your download activity, and when it detects that you've requested an especially large file or web document, it kicks the Internet connection into overdrive so that you can get that file onto your computer and go about your business!"

28. Comcast further represents that it does not block or slow any Internet applications, but rather provides "unfettered access to all the . . . applications the Internet has to offer." Comcast states that its service "can be used to open up the Internet, and all the potential that it holds, for your enjoyment. With all of these features from Comcast, you have unbound access to all of the best aspects of the World Wide Web!"

**B.    Contrary to Its Representations, Comcast Blocks, Delays, Slows or Otherwise Impedes Applications That Require Large Data Transfers.**

29. Contrary to its representations, Comcast blocks, delays, slows, or otherwise impedes Internet access for certain data-intensive Internet applications, such as P2P file sharing using BitTorrent, Gnutella, Lotus Notes, and possibly other applications.

30.    In early 2007, public interest organizations and consumers alleged that Comcast Corporation and its affiliates throughout the country (collectively, the "Comcast Entities") were engaging in these practices.  The Comcast Entities denied the allegations and stuck to their original representations by claiming that they did not block or otherwise impede access to the Internet for any applications.

31.    Later in 2007, the Electronic Frontier Foundation and the Associated Press conducted sophisticated testing to determine whether users' access to high-speed Internet service was being blocked by the Comcast Entities for certain applications.

32.    The testing led to shocking results.  The Comcast Entities were blocking, delaying, slowing, or otherwise impeding Internet access for certain P2P applications, and were doing so in an outrageously deceptive manner, by impersonating the computers of users involved in file-sharing.  The Comcast Entities were forging what are known as "reset packets," making it appear as if they were coming from one of the computers attempting to file-share.  The reset packet instructed the recipient computer to stop transmitting data, thus causing the computers involved to stop uploading and downloading the shared files.

33.    Even after these results were made public, the Comcast Entities continued to deny their actions by stating on the company's website that "[o]ur customers enjoy unfettered access to all the content, services, and applications that the Internet has to offer."  The Comcast Entities further state that they do not:

> [B]lock access to any Web site or applications, including BitTorrent.  Our Customers use the Internet for downloading and uploading files, watching movies and videos, streaming music, sharing digital photos, accessing numerous peer-to-peer sites, VOIP applications like Vonage, and thousands of other applications online.

34.    Then, in public comments submitted to the Federal Communications Commission ("FCC") on February 12, 2008, the Comcast Entities finally admitted to "delaying" Internet access for certain P2P applications by generating forged reset packets that interrupted the connection between two computers attempting to share files. According to the Comcast Entities, their efforts to delay certain file-sharing applications were actually an attempt to prevent service degradation resulting from what they characterized as excessive bandwidth congestion created by these file-sharing applications. The Comcast Entities admitted that they had established pre-determined "congestion thresholds" that applied to the use of bandwidth in particular neighborhoods. When a Comcast subscriber in a particular neighborhood attempted to share a file in an area in which he or she had exceeded the "congestion threshold," the Comcast Entities would send a forged reset packet that would terminate the connection between that subscriber and the computer with whom he or she was attempting to share files.

35.    Notwithstanding that the Comcast Entities admitted these facts in their comments to the FCC, they never disclosed to their subscribers or potential subscribers that they blocked, delayed, slowed, or otherwise impeded Internet access. On the contrary, the Comcast Entities continued to state that they provided unfettered access to the Internet using the fastest possible Internet connection.

36.    During all relevant times, Comcast has engaged and continues to engage in Illinois in the very same practices described in paragraphs 23 through 35 above.

Case No. _____

**C.    Plaintiff and the Other Class Members Paid Comcast
       for Promised Services They Never Received.**

37.    Plaintiff has lived in Illinois for his entire life (57 years).  Plaintiff previously
subscribed to Comcast's high-speed Internet service for a period of approximately eight (8) years
beginning in 1999.  He used his Internet connection for a wide range of uses.

38.    Plaintiff  has experienced severe speed and content limitations with regard to
various protocols and applications that involve the transfer of large amounts of data.

39.    Plaintiff and the other Class members were part of the target audience to which
Comcast directed the advertisements generally described in Paragraphs 25 through 28 above.
Plaintiff and the other Class members viewed these and other advertisements in various media
(television, print, radio, Internet, etc.) and relied on the representations contained therein to
purchase monthly subscriptions to Comcast's high-speed Internet service.

40.    Plaintiff and the other Class members all subscribed to Comcast's high-speed
Internet service at some point between June 5, 2005 and the present, and have paid all necessary
subscription fees.  Comcast never notified Plaintiff or the other Class members that it would
block, delay, slow, or otherwise impede the P2P file-sharing or other Internet applications.  On
the contrary, both before and after they subscribed, Plaintiff and the other Class members were
assured by Comcast that they would receive the fastest possible unfettered access to the Internet.
Indeed, Plaintiff and the other Class members were inundated by Comcast with repeated
representations that Comcast's high-speed Internet service provided fast and unfettered access to
the Internet.  Plaintiff and the other Class members never authorized Defendant to block, delay,
slow, or otherwise impede their access to the Internet for any applications.

41.    Plaintiff and the other Class members have suffered damage as a result of
Comcast's conduct as described above.

## CLASS ACTION ALLEGATIONS

42.    The action is brought as a class action pursuant to 735 ILCS 5/2-801, *et seq.* and is properly maintainable as a class action as set forth below.

**A.    Class Description**

43.    The "Class" is defined as follows:

> All citizens of Illinois who purchased or maintained high-speed Internet service from Comcast at any time between June 5, 2005 and the date that the Court certifies the class. Specifically excluded from the Class are Comcast and all of its subsidiaries, parents, and other affiliates, all officers, directors, and employees of these entities, and all legal representatives, heirs, and assigns of these entities. Also excluded are any judicial officers who preside over the action and any juror that participates in the lawsuit.

**B.    Impracticability of Joinder**

44.    The Class is composed of thousands of citizens of Illinois who purchased Comcast's high-speed Internet service. Accordingly, under 735 ILCS 5/2-801(1), joinder of all Class members would be impracticable. The disposition of Plaintiff's and the other Class members' claims in a class action will provide substantial benefits to the parties and the Court. The Class is ascertainable, and there is a well-defined community of interest in the questions of law or fact alleged since the rights of each Class member were infringed or violated in a similar fashion based upon Comcast's uniform conduct as described below.

**C.    Commonality**

45.    Defendant has acted in ways that affect all members of the proposed Class similarly. Questions of fact and law are common to each member of the Class pursuant to 735 ILCS 5/2-801(2). These common questions of law or fact include, but are not limited to, the following:

> a)    whether Comcast's false statements that it would provide fast, unfettered access to the Internet, specifically with respect to applications that involve

      large transfers of data, constitute deception, fraud, false pretense, false promise or misrepresentation in connection with the sale of merchandise under the Illinois Consumer Fraud Act;

b)     whether Comcast's failure to inform its subscribers that it would not actually provide fast, unfettered access to the Internet, specifically with respect to applications that involve large transfers of data, constitute a concealment of a material fact in connection with the sale of merchandise under the Illinois Consumer Fraud Act;

c)     whether Comcast's failure to inform its subscribers that it would not actually provide fast, unfettered access to the Internet, specifically with respect to applications that involve large transfers of data, constitute an omission of a material fact in connection with the sale of merchandise under the Illinois Consumer Fraud Act; and

d)     whether Comcast's false statements that it would provide fast, unfettered access to the Internet, specifically with respect to applications that involve large transfers of data, constitute a representation that the goods or services were of a particular standard, quality, or grade or a representation that the goods were a particular style or model, when they were not or whether the foregoing statements made and disseminated by Comcast also constitute an advertisement of goods or services with intent not to sell them as advertised under the Illinois Consumer Fraud Act.

**D.**     <u>**Predomination**</u>

     46.     Questions of law and fact that are common the Plaintiff and the Class predominate over question affecting only individual members pursuant to 735 ILCS 5/2-801(2). This action predominately concerns Defendants' actions, namely, Defendants' dissemination of advertisements that promised that their high-speed Internet services would be fast and unfettered, and Defendants' acts that undermined those promises. Defendants' conduct towards Plaintiff and the Class was the same in this regard. Further, the impact of Defendants' conduct on Plaintiff and the Class was also standard, that is, all Class members paid for services that they did not receive.

**E.**     <u>**Fair and Adequate Representation**</u>

     47.     Plaintiff is capable of fairly and adequately protecting the interests of the Class under 735 ILCS 5/2-801(3) because his claims are common to the Class and proof of those

claims will prove the claims of absent Class members. Plaintiff's interests are in harmony with

the interests of other members of the Class, and none of Plaintiff's interests are adverse to those

of other Class members. Plaintiff intends to pursue this litigation vigorously, and he selected

counsel experienced in complex litigation and class actions.

**F.    Fair and Efficient Method of Adjudication**

48.    This class action is an appropriate method for the fair and efficient adjudication of

this action pursuant to 735 ILCS 5/2-801(4). Adjudication of this action on a class-wide basis

would secure economies of time, effort, and expense. Defendants' actions towards Plaintiff and

the Class members were similar, therefore, adjudication of the claims of each member of the

Class would result in thousands of needlessly repetitive trials. Further, the actual damages of

each member of the Class is so small as to make adjudication of each claim on an individual

basis inefficient.

**COUNT I**
**Misrepresentation of Merchandise**

49.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1

through 48 as though fully restated herein.

50.    Under Section 815 ILCS 505/2 of the Illinois Consumer Fraud Act, it is an

unlawful trade practice to use "deception, fraud, false pretense, false promise, or

misrepresentation . . ." in connection with any sale of "merchandise" in Illinois. Under

Section 815 ILCS 505/1 of the Illinois Consumer Fraud Act, "merchandise" includes services

such as Comcast's high-speed Internet service.

51.    As set forth in paragraphs 1 through 48, Comcast repeatedly represented to

Plaintiff and the other Class members that Comcast's high-speed Internet service provides the

fastest and unfettered access to the Internet. Moreover, Comcast repeatedly represented to

Case No. _____

Plaintiff and the other Class members that Comcast's high-speed Internet service provides such fast and unfettered access for applications that involve large transfers of data. Indeed, Comcast represented that it actually increases the speed of its service ("kicks the Internet connection into overdrive") for such transfers. Comcast made these representations in connection with its sale of high-speed Internet service to Plaintiff and the other members of the Class.

52.    The foregoing representations, made and disseminated by Comcast, constitute deception, fraud, false pretense, false promise, and misrepresentation. Contrary to Comcast's statements, it intended to and did block, delay, slow, or otherwise impede its customers' access to the Internet and to P2P file-sharing and other Internet applications. As described above, Comcast achieved this result by, among other things, surreptitiously transmitting forged reset packets to users' computers that immediately terminated all file-sharing activities.

53.    Comcast intended for Plaintiff and the other Class members to rely on Comcast's untrue or misleading statements in subscribing to and paying for Comcast's high-speed Internet service. Comcast denied Plaintiff and the Class members the full value of the promised Internet service when it made untrue or misleading statements. Plaintiff and the other Class members have been damaged and have lost money or property as a result of Comcast's untrue or misleading representations.

54.    Comcast's scheme to hide its deceptive, intrusive, and damaging actions, which includes impersonating users and controlling their computers, was intentional, willful, malicious, and wanton.

55.    As a direct and proximate result of the aforesaid misrepresentation of merchandise, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

56.　　Accordingly, Comcast's actions are an unlawful trade practice under Section 56:8-2 of the Illinois Consumer Fraud Act, and Plaintiff and the other Class members are entitled to relief including, but not limited to, an injunction against the use of the unlawful trade practices, equitable relief, actual damages, reasonable attorney's fees, punitive damages, and any other relief that the Court deems proper.

<div align="center">

**COUNT II**
**Concealment of a Material Fact**

</div>

57.　　Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 56 as though fully restated herein.

58.　　Under 815 ILCS 505/2 of the Illinois Consumer Fraud Act, it is an unlawful trade practice to conceal a material fact in connection with a sale of merchandise, including services, in Illinois.

59.　　As set forth in paragraphs 1 through 56, Comcast repeatedly represented in advertisements and other communications to Plaintiff and the other Class members that its high-speed Internet subscribers would receive fast access to the Internet, and that the access would be unfettered. Moreover, Comcast repeatedly represented to Plaintiff and the other Class members that Comcast's high-speed Internet service provides such fast and unfettered access for applications that involve large transfers of data. Indeed, Comcast represented that it actually increases the speed of its service ("kicks the Internet connection into overdrive") for such transfers. Comcast made these representations in connection with its sale of high-speed Internet service to Plaintiff and the other members of the Class. Comcast did not disclose that it blocked, delayed, slowed, or otherwise impeded access to the Internet.

60.　　The foregoing conduct constitutes concealment of material facts by Comcast. Contrary to Comcast's statements, it intended to and did block, delay, slow, or otherwise impede

Case No. _____

its customers' access to the Internet and to P2P and other Internet applications. As described above, Comcast achieved this result by, among other things, surreptitiously transmitting forged reset packets to users' computers that immediately terminated all file-sharing activities. Comcast did not disclose these facts to Plaintiffs or the Class members.

61.    Comcast intended for Plaintiff and the other Class members to rely on Comcast's conduct and its concealment of material facts concerning its blocking, delaying, slowing, or otherwise impeding Internet access, in subscribing to and paying for Comcast's high-speed Internet service. Comcast denied Plaintiff and the Class members the full value of the promised Internet service by this conduct. Plaintiff and the other Class members have been damaged as a result of Comcast's conduct.

62.    Comcast's scheme to hide its deceptive, intrusive, and damaging actions, which includes impersonating users and controlling their computers, was intentional, willful, malicious, and wanton.

63.    As a direct and proximate result of the aforesaid concealment of a material fact, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

64.    Accordingly, Plaintiff and the other Class members are entitled to relief including, but not limited to, an injunction against the use of the unlawful trade practices, equitable relief, actual damages, reasonable attorney's fees, punitive damages, and any other relief that the Court deems proper.

## COUNT III
### Omission of a Material Fact

65.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 64 as though fully restated herein.

66.     Section 815 ILCS 505/2 of the Illinois Consumer Fraud Act prohibits the omission of any material fact in connection with a sale of merchandise, including services, in Illinois.

67.     As set forth in paragraphs 1 through 64 above, Comcast repeatedly represented in advertisements to Plaintiff and the other Class members that subscribers would receive extremely fast and unfettered access to the Internet.  Moreover, Comcast repeatedly represented to Plaintiff and the other Class members that Comcast's high-speed Internet service provides fast and unfettered access for applications that involve large transfers of data.  Indeed, Comcast represented that it actually increases the speed of its service ("kicks the Internet connection into overdrive") for such transfers.  Comcast made these representations in connection with its sale of high-speed Internet service to Plaintiff and the other members of the Class.  Comcast did not disclose that it blocked, delayed, slowed, or otherwise impeded access to the Internet.

68.     The foregoing conduct constitutes omission of material facts by Comcast. Contrary to Comcast's statements, it intended to and did block, delay, slow, or otherwise impede its customers' access to the Internet and to P2P file-sharing and other Internet applications.  As described above, Comcast achieved this result by, among other things, surreptitiously transmitting forged reset packets to users' computers that immediately terminated all file-sharing activities.  Comcast did not disclose these facts to Plaintiffs or the Class members.

69.     Comcast intended for Plaintiff and the other Class members to rely on Comcast's conduct and its omission of material facts concerning its blocking, delaying, slowing, or otherwise impeding Internet access, in subscribing to and paying for Comcast's high-speed Internet service.  Comcast denied Plaintiff and the Class members the full value of the promised

Internet service by this conduct. Plaintiff and the other Class members have been damaged and have lost money or property as a result of Comcast's untrue or misleading representations.

70.     Comcast's scheme to hide its deceptive, intrusive, and damaging actions, which includes impersonating users and controlling their computers, was intentional, willful, malicious, and wanton.

71.     Plaintiff and the other Class members were injured when Comcast omitted these material facts, when in fact Comcast blocked, delayed, slowed, or otherwise impeded the access of certain applications to the Internet and therefore deprived Plaintiff and the other Class members of the services for which they paid.

72.     As a direct and proximate result of the aforesaid omissions of material facts, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

73.     Accordingly, Plaintiff and the other Class members are entitled to relief including, but not limited to, an injunction against the use of the unlawful trade practices, equitable relief, actual damages, reasonable attorney's fees, punitive damages, and any other relief that the Court deems proper.

## COUNT IV
### Deceptive Advertising

74.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 73 as though fully restated herein.

75.     The Illinois Consumer Fraud Act prohibits the use or employment of any practice described in Section 2 of the Illinois Deceptive Trade Practices Act. *See* 815 ILCS 505/2. The Illinois Deceptive Trade Practices Act provides, among other things, that a person engages in a deceptive trade practice when that person represents that the goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another or

advertises goods or services with intent not to sell them as advertised.  *See* 815 ILCS 510/2 (a)(7) and (9), respectively.

76.     As set forth in paragraphs 1 through 73, Comcast repeatedly represented in advertisements to Plaintiff and the other Class members that subscribers would receive extremely fast and unfettered access to the Internet.  Moreover, Comcast repeatedly represented to Plaintiff and the other Class members that Comcast's high-speed Internet service provides such fast and unfettered access for applications that involve large transfers of data.  Indeed, Comcast represented that it actually increases the speed of its service ("kicks the Internet connection into overdrive") for such transfers.  Comcast made these representations in connection with its sale of high-speed Internet service to Plaintiff and the other members of the Class.

77.     The foregoing statements, made and disseminated by Comcast, constitute representations that the goods or services were of a particular standard, quality, or grade or a representation that the goods were a particular style or model, when they were not.  The foregoing statements made and disseminated by Comcast also constitute advertisements of goods or services with intent not to sell them as advertised.  Contrary to Comcast's statements, it intended to and did block, delay, slow, or otherwise impede its customers' access to the Internet and to P2P file-sharing and other Internet applications.  As described above, Comcast achieved this result by, among other things, surreptitiously transmitting forged reset packets to users' computers that immediately terminated all file-sharing activities.

78.     Comcast intended for Plaintiff and the other Class members to rely on Comcast's untrue or misleading statements in subscribing to and paying for Comcast's high-speed Internet service.  Comcast denied Plaintiff and the Class members the full value of the promised Internet service when it made untrue or misleading statements.  Accordingly, Plaintiff and the other Class

members have been damaged and have lost money or property as a result of Comcast's untrue or misleading representations.

79.    This conduct constitutes deceptive advertising because speed and unfettered access to the Internet are the principal selling points of high-speed Internet service.  Virtually all of Comcast's advertising addresses these two qualities.

80.    Plaintiff and the other Class Members were injured when Comcast, contrary to its advertisements, blocked, delayed, slowed, or otherwise impeded the access of certain applications to the Internet and therefore deprived Plaintiff and the other Class members of the services for which they paid.

81.    Comcast's scheme to hide its deceptive, intrusive, and damaging actions, which includes impersonating users and controlling their computers, was intentional, willful, malicious, and wanton.

82.    As a direct and proximate result of the aforesaid deceptive advertising, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

83.    Accordingly, Plaintiff and the other Class members are entitled to relief including, but not limited to, an injunction against the use of the unlawful trade practices, equitable relief, actual damages, reasonable attorney's fees, punitive damages, and any other relief that the Court deems proper.

## COUNT V
## Civil Conspiracy

84.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 83 as though fully restated herein.

85.    Defendants, each of them, conspired or agreed, as agents, each to the other, to engage in a conscious course of conduct to engage in deception, fraud, false pretense, false

promise, misrepresentation, or the concealment, suppression, or omission of any material fact regarding the nature of the product they were selling and in doing so, chose to commit unlawful acts in violation of the Illinois Consumer Fraud Act, as set forth herein.

86.    Defendants did, in fact, commit such unlawful acts pursuant to the conspiracy and knowingly conspired to continue conduct to engage in deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact regarding the nature of the product they were selling in violation of the Illinois Consumer Fraud Act, as set forth herein.  Defendants acting as agents, each to the other, engaged in a course of deceitful advertising and promotion so as to continue to engage in deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact regarding the nature of the product they were selling, while advertising and causing members of the consuming public, including Plaintiff and members of the Class herein, to be lured into a false sense of security believing that they were, among other things, receiving unfettered access to the internet, when Defendants knew or should have known that they were not.  Defendants engaged in a common plan and scheme to conceal this knowledge from the public and to conceal the nature of the product they were selling.  Defendants, together with all other co-defendants herein, were engaged in a joint venture, enterprise or agency for the aforesaid purpose of deceit and by reason of their capacity as joint venturers, each in furtherance of the conspiracy as aforesaid, the heretofore mentioned acts, deeds, knowledge and omissions of said Defendants are imputable to all of the other Defendant joint tortfeasors, both jointly and severally.

87.    As a direct and proximate result of the aforesaid conspiracy, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

Case No. _____

88.    Accordingly, Plaintiff and the other Class members are entitled to relief including, but not limited to, an injunction against the use of the unlawful trade practices, equitable relief, actual damages, reasonable attorney's fees, punitive damages, and any other relief that the Court deems proper.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, and all others similarly situated, and the general public, respectfully requests that the Court:

I.    Certify the Class as defined in the Complaint;

II.    Order Comcast to notify each and every member of the Class of the pendency of the claims in the action in order to give such persons an opportunity to seek relief;

III.    Enjoin Comcast from engaging in conduct that violates the Illinois Consumer Fraud Act as defined in the Complaint;

IV.    Enter a judgment in favor of Plaintiff and the Class on Counts I-V;

V.    Award compensatory damages to Plaintiff and the Class;

VI.    Award Plaintiff and the Class punitive damages;

VII.    Create a common fund comprised of all damages to Plaintiffs and the Class;

VIII.    Award Class counsel attorney's fees pursuant to 815 ILCS 505/10a(c), the Common Fund Doctrine or any other applicable law;

IX.    Award Plaintiff and the Class interest as prescribed by law;

X.    Award Plaintiff and the Class costs of the suit; and

XI.    Award Plaintiff and the Class such other relief as the Court may deem to be just, proper, and equitable.

Case No. _____

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues in the Complaint triable to the jury.

Dated:  June 5, 2008

Respectfully submitted,

Kenneth J. Brennan, Esq. (Il. Bar #6239037)
John A. Bruegger (Il. Bar #6278821)
SIMMONSCOOPER LLC
707 Berkshire Boulevard
PO Box 521
East Alton, IL  62024
Telephone:      (618) 259-2222
Facsimile:      (618) 259-2251
Email:          kbrennan@simmonscooper.com

August J. Matteis, Jr.
GILBERT RANDOLPH LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
Telephone:      (202) 772-1923
Facsimile:      (202) 772-1924
E-Mail:         matteisa@gilbertrandolph.com
*(Application for Admission Pro Hac Vice
to be filed)*

*Attorneys for Plaintiff Roger Lis*

Case No. _____

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

-------------------------------------------------------------- :

Roger Lis, on behalf of himself and
all others similarly situated,

         Plaintiff,

    v.

COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150,

Serve at:

    C T Corporation System
    208 S. LaSalle Street
    Suite 814
    Chicago, IL 60604,

         Defendants.

: Civil No._____

: **CLASS ACTION**

-------------------------------------------------------------- 

## DECLARATION OF DAMAGES PURSUANT TO SUPREME COURT RULE 222(b)

   Now comes the Affiant, KENNETH J. BRENNAN, of SIMMONSCOOPER LLC,

attorneys for the Plaintiff, and after being first duly sworn on his oath respectfully states that

the total money damages sought by the Plaintiff herein does exceed the sum of Fifty

Thousand Dollars ($50,000.00).

            Case No._____

Further, Affiant sayeth not.

STATE OF ILLINOIS            )
                             ) ss
COUNTY OF MADISON            )

Kenneth J. Brennan

SUBSCRIBED AND SWORN to before me this ____ day of June ____,
2008.

OFFICIAL SEAL
Julianne E. Pani Wood
Notary Public, State of Illinois
My Commission Expires 1/3/2011

_____
Notary Public

Case No._____

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
06/26/2008
CT Log Number 513574129



**TO:**    Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:    Process Served in Illinois**

**FOR:**    Comcast of Illinois III, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roger Lis, on behalf of himself and all others similarly situated, Pltf. vs. Comcast of Chicago, Inc., et al. including Comcast of Illinois III, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Class Action Complaint, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 08 Ch 20354 |
| **NATURE OF ACTION:** | Class Action - Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act by representing the high-speed internet service provides the fastest and unfettered access to the internet that it increases the speed of its services |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/26/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth J. Bernnan<br>Simmonscooper LLC<br>707 Berkshire Blvd.<br>East Alton, IL 62024<br>618-259-2222 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798969094098 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



RECEIVED
JUN 3 0 2008
By_____

Page 1 of  1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2331 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, <u>CHANCERY</u> DIVISION

(Name all parties)

Roger Lis, on behalf of himself and all others similarly situate d

_____

v.

(See Attached List)

_____

No. _____

# 08CH20354

Serve at:  CT Corporation System
208 LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

To each Defendant:

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑   Richard J. Daley Center, 50 W. Washington, Room <u>802</u>, Chicago, Illinois 60602

☐   **District 2 - Skokie**      ☐ **District 3 - Rolling Meadows**      ☐ **District 4 - Maywood**
    5600 Old Orchard Rd.         2121 Euclid                1500 Maybrook Ave.
    Skokie, IL 60077             Rolling Meadows, IL 60008     Maywood, IL 60153

☐   **District 5 - Bridgeview**      ☐ **District 6 - Markham**        ☐ **Child Support**
    10220 S. 76th Ave.           16501 S. Kedzie Pkwy.       28 North Clark St., Room 200
    Bridgeview, IL 60455         Markham, IL 60426           Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

    **This Summons must be returned** by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>6239037</u>

Name: <u>Kenneth J. Brennan</u>

Atty. for: <u>Plaintiff</u>

Address: <u>707 Berkshire Blvd.</u>

City/State/Zip: <u>East Alton, Illinois 62024</u>

Telephone: <u>(618) 259-2222</u>

WITNESS, JUN 0 5 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Defendants to be served:


COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
06/26/2008
CT Log Number 513574139

**TO:**    Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:**    **Process Served in Illinois**

**FOR:**    Comcast of Chicago, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roger Lis, on behalf of himself and all others similarly situated, Pltf. vs. Comcast of Chicago, Inc., et al. including Comcast of Chicago, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Class Action Complaint, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 08 Ch 20354 |
| **NATURE OF ACTION:** | Class Action - Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act by representing the high-speed internet service provides the fastest and unfettered access to the internet that it increases the speed of its services |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/26/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth J. Bernnan<br>Simmonscooper LLC<br>707 Berkshire Blvd.<br>East Alton, IL 62024<br>618-259-2222 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798969094098 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



RECEIVED
JUN 3 0 2008
By_____

Page 1 of  1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

Roger Lis, on behalf of himself and all others similarly situated

**08 C H 20354**

v.                                                      No. _____

(See Attached List)

Serve at:  CT Corporation System
                 208 LaSalle Street
                 Suite 814
                 Chicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 6239037_____

Name: Kenneth J. Brennan_____

Atty. for: Plaintiff_____

Address: 707 Berkshire Blvd._____

City/State/Zip: East Alton, Illinois 62024

Telephone: (618) 259-2222_____

Service by Facsimile Transmission will be accepted at: _____

WITNESS, **JUN 0 5 2008**

_____
Clerk of Court

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Defendants to be served:


COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150

**CT** CORPORATION
A WoltersKluwer Company



**TO:**      Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:**      **Process Served in Illinois**

**FOR:**     Comcast of Illinois/Texas, Inc. (Domestic State: IL)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roger Lis, on behalf of himself and all others similarly situated, Pltf. vs. Comcast of Chicago, Inc., et al. including Comcast of Illinois/Texas, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Class Action Complaint, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL
Case # 08 Ch 20354 |
| **NATURE OF ACTION:** | Class Action - Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act by representing the high-speed internet service provides the fastest and unfettered access to the internet that it increases the speed of its services |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/26/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth J. Bernnan
Simmonscooper LLC
707 Berkshire Blvd.
East Alton, IL 62024
618-259-2222 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798969094098 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



Page 1 of  1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS**    CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, <u>CHANCERY</u> DIVISION

**(Name all parties)**

Roger Lis, on behalf of himself and all others similarly situate d

v.

(See Attached List)

No. _____

**08 C H 2 0 3 5 4**

Serve at: CT Corporation System
208 LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** <u>802</u> , **Chicago, Illinois 60602**

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>6239037</u>

Name: <u>Kenneth J. Brennan</u>

Atty. for: <u>Plaintiff</u>

Address: <u>707 Berkshire Blvd.</u>

City/State/Zip: <u>East Alton, Illinois 62024</u>

Telephone: <u>(618) 259-2222</u>

Service by Facsimile Transmission will be accepted at: _____

WITNESS, **JUN 0 5 2008**

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

*DOROTHY BROWN, CLERK OF CIRCUIT COURT*

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Defendants to be served:


COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/26/2008
CT Log Number 513574108

**TO:**    Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:**    **Process Served in Illinois**

**FOR:**    Comcast of Illinois I, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roger Lis, on behalf of himself and all others similarly situated, Pltf. vs. Comcast of Chicago, Inc., et al. including Comcast of Illinois I, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Class Action Complaint, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 08 Ch 20354 |
| **NATURE OF ACTION:** | Class Action - Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act by representing the high-speed internet service provides the fastest and unfettered access to the internet that it increases the speed of its services |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/26/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth J. Bernnan<br>Simmonscooper LLC<br>707 Berkshire Blvd.<br>East Alton, IL 62024<br>618-259-2222 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798969094098 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



Page 1 of  1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

**(Name all parties)**

Roger Lis, on behalf of himself and all others similarly situate d

}

v.

(See Attached List)

No. ___08 C H 20354___

Serve at: CT Corporation System
208 LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** 802_____, **Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 6239037_____

Name: Kenneth J. Brennan_____

Atty. for: Plaintiff_____

Address: 707 Berkshire Blvd._____

City/State/Zip: East Alton, Illinois 62024_____

Telephone: (618) 259-2222_____

Service by Facsimile Transmission will be accepted at: _____

WITNESS, __JUN 0 5 2008__

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Defendants to be served:


COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
06/26/2008
CT Log Number 513574092



**TO:**   Rosemarie Pierce
          Comcast Corporation
          1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
          Philadelphia, PA 19103

**RE:**   **Process Served in Illinois**

**FOR:**  Comcast of Illinois IV, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roger Lis, on behalf of himself and all others similarly situated, Pltf. vs. Comcast of Chicago, Inc., et al. including Comcast of Illinois IV, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Class Action Complaint, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 08 Ch 20354 |
| **NATURE OF ACTION:** | Class Action - Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act by representing the high-speed internet service provides the fastest and unfettered access to the internet that it increases the speed of its services |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/26/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth J. Bernnan<br>Simmonscooper LLC<br>707 Berkshire Blvd.<br>East Alton, IL 62024<br>618-259-2222 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798969094098 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



Page 1 of  1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, <u>CHANCERY</u> DIVISION

(Name all parties)

Roger Lis, on behalf of himself and all others similarly situated

**08CH20354**

v.

(See Attached List)

No. _____

Serve at: CT Corporation System
208 LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** <u>802</u> **, Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DOROTHY BROWN
CLERK OF CIRCUIT COURT

WITNESS, **JUN 05 2008**

Atty. No.: <u>6239037</u>

Name: <u>Kenneth J. Brennan</u>

Atty. for: <u>Plaintiff</u>

Address: <u>707 Berkshire Blvd.</u>

City/State/Zip: <u>East Alton, Illinois 62024</u>

Telephone: <u>(618) 259-2222</u>

Service by Facsimile Transmission will be accepted at: _____

_____
Clerk of Court

Date of service: _____, ____

(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Defendants to be served:


COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

(Name all parties)

Roger Lis, on behalf of himself and all others similarly situated

}

08 C H 20354

v.

(See Attached List)

No. _____

Serve at:  CT Corporation System
208 LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _802_ **, Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Atty. No.: _6239037_

Name: _Kenneth J. Brennan_

Atty. for: _Plaintiff_

Address: _707 Berkshire Blvd._

City/State/Zip: _East Alton, Illinois 62024_

Telephone: _(618) 259-2222_

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ JUN 0 5 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Defendants to be served:


COMCAST OF CHICAGO, INC.;
COMCAST OF ILLINOIS I, INC.;
COMCAST OF ILLINOIS III, INC.;
COMCAST OF ILLINOIS IV, INC.;
COMCAST OF ILLINOIS/TEXAS, INC.;
COMCAST MO EXPRESS OF ILLINOIS, INC.;
COMCAST OF NORTHERN ILLINOIS, INC.;
COMCAST SOUND COMMUNICATIONS INC.;
COMCAST OF SOUTH CHICAGO, INC.;
COMCASTIC, INC.;
DOES 1-150

08CV3984
JUDGE ZAGEL
MAGISTRATE JUDGE COX
YM

# EXHIBIT B

# *Delaware*

PAGE  1

### *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"COMCAST OF ILLINOIS/TEXAS, INC.", AN ILLINOIS CORPORATION, WITH AND INTO "COMCAST OF ILLINOIS/TEXAS, LLC" UNDER THE NAME OF "COMCAST OF ILLINOIS/TEXAS, LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE FOURTEENTH DAY OF JULY, A.D. 2006, AT 10:30 O'CLOCK A.M.



4188520  8100M

060668277

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 4900481

DATE: 07-14-06

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 10:57 AM 07/14/2006*
*FILED 10:30 AM 07/14/2006*
*SRV 060668277 - 4188520 FILE*

## CERTIFICATE OF MERGER
### OF
## COMCAST OF ILLINOIS/TEXAS, INC.
### (AN ILLINOIS CORPORATION)
### INTO
## COMCAST OF ILLINOIS/TEXAS, LLC
### (A DELAWARE LIMITED LIABILITY COMPANY).

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST:** The name of the surviving entity is Comcast of Illinois/Texas, LLC, a Delaware limited liability company, and the name of the corporation being merged into this surviving entity is Comcast of Illinois/Texas, Inc., an Illinois corporation.

**SECOND:** The Plan of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent entities.

**THIRD:** The name of the surviving entity is Comcast of Illinois/Texas, LLC.

**FOURTH:** The merger is to become effective on the date of filing.

**FIFTH:** The Plan of Merger is on file at the place of business of the surviving entity located at:

> 1500 Market Street
> Philadelphia, PA 19102

**SIXTH:** A copy of the Plan of Merger will be furnished by the surviving entity on request, without cost, to any member or stockholder of the constituent entities.

**IN WITNESS WHEREOF,** said surviving entity has caused this certificate to be signed by an authorized officer, the 14th day of July, 2006.

Comcast of Illinois/Texas, LLC

By: TCI Holdings, Inc., its sole member

By: _____
Arthur R. Block, Senior Vice President

```
08CV3984
JUDGE ZAGEL
MAGISTRATE JUDGE COX
YM
```

# EXHIBIT C

# Delaware

*PAGE  1*

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"COMCAST OF CALIFORNIA/COLORADO/ILLINOIS/INDIANA/TEXAS, LLC", A DELAWARE LIMITED LIABILITY COMPANY,

"COMCAST OF ILLINOIS/TEXAS, LLC", A DELAWARE LIMITED LIABILITY COMPANY,

"COMCAST OF PLANO GP, LLC", A DELAWARE LIMITED LIABILITY COMPANY,

"COMCAST OF PLANO, LP", A DELAWARE LIMITED PARTNERSHIP,

"COMCAST OF RICHARDSON GP, LLC", A DELAWARE LIMITED LIABILITY COMPANY,

"COMCAST OF RICHARDSON, LP", A DELAWARE LIMITED PARTNERSHIP,

WITH AND INTO "COMCAST OF INDIANA/MICHIGAN/TEXAS, LP" UNDER THE NAME OF "COMCAST OF INDIANA/MICHIGAN/TEXAS, LP", A LIMITED PARTNERSHIP ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SIXTH DAY OF JULY, A.D. 2006, AT 1:55 O'CLOCK P.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3746742  8100M

060703705

AUTHENTICATION: 4929222

DATE: 07-26-06

State of Delaware
Secretary of State
Division of Corporations
Delivered 01:55 PM 07/26/2006
FILED 01:55 PM 07/26/2006
SRV 060703705 - 3746742 FILE

# CERTIFICATE OF MERGER
## OF
### COMCAST OF PLANO, LP
### COMCAST OF RICHARDSON, LP
### (BOTH DELAWARE LIMITED PARTNERSHIPS),
### AND
### COMCAST OF PLANO GP, LLC
### COMCAST OF RICHARDSON GP, LLC
### COMCAST OF ILLINOIS/TEXAS, LLC
### COMCAST OF CALIFORNIA/COLORADO/ILLINOIS/INDIANA/TEXAS, LLC
### (ALL DELAWARE LIMITED LIABILITY COMPANIES)
### INTO
### COMCAST OF INDIANA/MICHIGAN/TEXAS, LP
### (A DELAWARE LIMITED PARTNERSHIP)

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act and Title 6, Section 17-211 of the Delaware Revised Uniform Limited Partnership Act, the undersigned surviving limited partnership submits the following Certificate of Merger for filing and certifies as follows:

**FIRST:** The name of the surviving limited partnership is Comcast of Indiana/Michigan/Texas, LP, a Delaware limited partnership, and the names of the entities being merged into this surviving limited partnership are, Comcast of Plano, LP, Comcast of Richardson, LP, both Delaware limited partnerships, and Comcast of Plano GP, LLC, Comcast of Richardson GP, LLC, Comcast of Illinois/Texas, LLC, and Comcast of California/Colorado/Illinois/Indiana/Texas, LLC, all Delaware limited liability companies, collectively (the "Constituent Entities").

**SECOND:** The Plan of Merger has been approved, adopted, certified, executed and acknowledged by each of the Constituent Entities.

**THIRD:** The name of the surviving limited partnership is Comcast of Indiana/Michigan/Texas, LP, a Delaware limited partnership.

**FOURTH:** The merger is to become effective on the date of filing.

**FIFTH:** The Plan of Merger is on file at the place of business of the surviving limited partnership located at:

1500 Market Street
Philadelphia, PA 19102

**SIXTH:** A copy of the Plan of Merger will be furnished by the surviving limited partnership on request and without cost to any member of the Constituent Entities.

IN WITNESS WHEREOF, said surviving limited partnership has caused this certificate to be signed by an authorized officer, this 2b day of July, 2006.

Comcast Indiana/Michigan/Texas, LP

By: **Comcast of Indiana/Michigan/Texas GP, LLC**
**its general partner**

By: _____

Arthur R. Block
Authorized Person

08CV3984
JUDGE ZAGEL
MAGISTRATE JUDGE COX
YM

# EXHIBIT D

# Delaware

PAGE  1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"COMCAST MO EXPRESS OF ILLINOIS, INC.", A ILLINOIS CORPORATION,

WITH AND INTO "COMCAST MO TELECOMMUNICATIONS CORP." UNDER THE NAME OF "COMCAST MO TELECOMMUNICATIONS CORP.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-FOURTH DAY OF NOVEMBER, A.D. 2004, AT 12:02 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 3501337

DATE: 11-24-04

3854119  8100M

040849057

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:02 PM 11/24/2004*
*FILED 12:02 PM 11/24/2004*
*SRV 040849057 - 3854119 FILE*

## CERTIFICATE OF OWNERSHIP AND MERGER

### OF

### COMCAST MO EXPRESS OF ILLINOIS, INC.
#### an Illinois corporation

### INTO

### COMCAST MO TELECOMMUNICATIONS CORP.
#### a Delaware corporation

Comcast MO Telecommunications Corp., a corporation organized and existing under the laws of Delaware (the "Parent Corporation"),

**DOES HEREBY CERTIFY:**

**FIRST:** That the Parent Corporation was incorporated on the 13th day of September, 2004 pursuant to the Delaware General Corporation Law.

**SECOND:** That the Parent Corporation owns all of the outstanding shares of stock of Comcast MO Express of Illinois, Inc., an Illinois corporation (the "Subsidiary").

**THIRD:** That the Parent Corporation, by the following resolutions of its board of directors, duly adopted by written consent of its sole director dated November 23, 2004, filed with the minutes of the board of directors, determined to merge the Subsidiary with and into itself, effective upon the filing of a Certificate of Ownership and Merger with the Secretary of State of Delaware:

"WHEREAS, the sole director of the Corporation deems it to be in the best interest of the Corporation to merge Comcast MO Express of Illinois, Inc., an Illinois corporation ("Non-Survivor"), with and into itself, with the Corporation being the surviving corporation.

NOW, THEREFORE, BE IT RESOLVED, that pursuant to the Agreement and Plan or Merger, Articles of Merger to be filed in Illinois and Certificate of Ownership and Merger to be filed in Delaware, all documents as submitted to the undersigned, which are hereby approved, on the Effective Date (as herein defined), Non-Survivor shall be merged with and into the Corporation, with the Corporation being the surviving corporation (the "Surviving Corporation"), and the separate existence of Non-Survivor shall thereupon cease (the "Merger"); and it is

FURTHER RESOLVED, that the effective date of the Merger (the "Effective Date") shall be the date upon which the Articles of Merger are filed with the Secretary of State of Illinois and the Certificate of Ownership and Merger is filed with the Secretary of State of Delaware."

**IN WITNESS WHEREOF**, said Parent Corporation has caused this Certificate of Ownership and Merger to be signed by an authorized officer, the 23rd day of November, 2004.

Comcast MO Telecommunications Corp.

By: _____

Arthur R. Block
Senior Vice President

```
08CV3984
JUDGE ZAGEL
MAGISTRATE JUDGE COX
YM
```

# EXHIBIT E

File Number 5309-386-8

# State of Illinois
## Office of
## The Secretary of State

**Whereas,**          ARTICLES OF MERGER OF
COMCAST PROGRAMMING HOLDINGS, INC.
INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE HAVE BEEN
FILED IN THE OFFICE OF THE SECRETARY OF STATE AS PROVIDED BY THE
BUSINESS CORPORATION ACT OF ILLINOIS, IN FORCE JULY 1, A.D. 1984.

Now Therefore, I, Jesse White, Secretary of State of the State of Illinois, by virtue of the powers vested in me by law, do hereby issue this certificate and attach hereto a copy of the Application of the aforesaid corporation.

**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, at the City of Springfield, this       13TH
day of       JUNE       A.D.       2000       and of the Independence of the United States the two hundred and       24TH       .

*Jesse White*

Secretary of State

C-212.3

Form **BCA-11.25**
(Rev. Jan. 1999)

**ARTICLES OF MERGER
CONSOLIDATION OR EXCHANGE**

File # 5309 3868

Jesse White
Secretary of State
Department of Business Services
Springfield, IL 62756
Telephone (217) 782-6961
http://www.sos.state.il.us

**FILED**

JUN 13 2000

JESSE WHITE
SECRETARY OF STATE

**SUBMIT IN DUPLICATE**

This space for use by
Secretary of State

Date 6/13/00

Filing Fee $ 120.00

Approved ___

**DO NOT SEND CASH!**
Remit payment in check or money
order, payable to "Secretary of State."
Filing Fee is $100, but if merger or
consolidation involves more than 2
corporations, $50 for each additional
corporation.

1.  Names of the corporations proposing to merge consolidate exchange shares , and the state or country of their incorporation:

| Name of Corporation | State or Country of Incorporation | Corporation File Number |
|---|---|---|
| Comcast Programming Holdings, Inc. | Delaware | Not qualified |
| Comcast Sound Communications, Inc. | Colorado | Not qualified |
| Comcast Sound Communications, Inc. | Illinois | 5309 386 8 |

2.  The laws of the state or country under which each corporation is incorporated permits such merger, consolidation or exchange.

3.  (a)  Name of the surviving new acquiring corporation: Comcast Programming Holdings, Inc.

    (b)  it shall be governed by the laws of: Delaware

    **If not sufficient space to cover this point, add one or more sheets of this size.**

4.  Plan of merge consolidation exchange is as follows:

    See Exhibit A attached.

**PAID**

JUN 15 2000

**Expedited Services**

IL020 - 11/5/99  C T System Online

5. Plan of consolidation (merger) (exchange) was approved, as to each corporation not organized in Illinois, incompliance with the laws of the state under which it is organized, and (b) as to each Illinois corporation, as follows:

*(The following items are not applicable to mergers under §11.30 — 90% owned subsidiary provisions. See Article 7.)*

*(Only "X" one box for each Illinois corporation)*

| Name of Corporation | By the shareholders, a resolution of the board of directors having been duly adopted and submitted to a vote at a meeting of shareholders. Not less than the minimum number of votes required by statute and by the articles of incorporation voted in favor of the action taken. (§ 11.20) | By written consent of the shareholders having not less than the minimum number of votes required by statute and by the articles of incorporation. Shareholders who have not consented in writing have been given notice in accordance with §7.10 (§ 11.220) | By written consent of ALL the shareholders entitled to vote on the action, in accordance with § 7.10 & § 11.20 |
|---|---|---|---|
| Comcast Programming Holdings, Inc. | ☐ | ☐ | ☐ |
| Comcast Sound Communications, Inc. (CO) | ☐ | ☐ | ☐ |
| Comcast Sound Communications, Inc. (IL) | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ |

6.  ~~(Not applicable if surviving, new or acquiring corporation is an Illinois corporation)~~

It is agreed that, upon and after the issuance of a certificate of merger, consolidation or exchange by the Secretary of State of the State of Illinois:

a.  The surviving, new or acquiring corporation may be served with process in the State of Illinois in any proceeding for the enforcement of any obligation of any corporation organized under the laws of the State of Illinois which is a party to the merger, consolidation or exchange and in any proceeding for the enforcement of the rights of a dissenting shareholder of any such corporation organized under the laws of the State of Illinois against the surviving, new or acquiring corporation.

b.  The Secretary of State of the State of Illinois shall be and hereby is irrevocably appointed as the agent of the surviving, new or acquiring corporation to accept service of process in any such proceedings, and

c.  The surviving, new, or acquiring corporation will promptly pay to the dissenting shareholders of any corporation organized under the laws of the State of Illinois which is a party to the merger, consolidation or exchange the amount, if any, to which they shall be entitled under the provisions of "The Business Corporation Act of 1983" of the State of Illinois with respect to the rights of dissenting shareholders.

7.  *(Complete this item if reporting a merger under § 11.30—90% owned subsidiary provisions.)*

    a.  The number of outstanding shares of each class of each merging subsidiary corporation and the number of such shares of each class owned immediately prior to the adoption of the plan of merger by the parent corporation, are:

| Name of Corporation | Total Number of Shares Outstanding of Each Class | Number of Shares of Each Class Owned Immediately Prior to Merger by the Parent Corporation |
| --- | --- | --- |
| Comcast Programming Holdings, Inc. | 100 | 100 |
| Comcast Sound Communications, Inc., | 100 | 100 |
| (a Colorado corporation) | | |
| Comcast Sound Communications, Inc., | 100 | 100 |
| (an Illinois corporation) | | |

    b.  (Not applicable to 100% owned subsidiaries)
    The date of mailing a copy of the plan of merger and notice of the right to dissent to the shareholders of each merging subsidiary corporation was _____, _____
    <div style="margin-left:3em">*(Month & Day)*        *(Year)*</div>

    Was written consent for the merger or written waiver of the 30-day period by the holders of all the outstanding shares of all subsidiary corporations received?   ☐ Yes   ☐ No

    *(If the answer is "No," the duplicate copies of the Articles of Merger may not be delivered to the Secretary of State until after 30 days following the mailing of a copy of the plan of merger and of the notice of the right to dissent to the shareholders of each merging subsidiary corporation.)*

8.  The undersigned corporations have caused these articles to be signed by their duly authorized officers, each of whom affirms, under penalties of perjury, that the facts stated herein are true. (All signatures must be in **BLACK INK**.)

Dated November ___ 11 ___, 1999
    *(Month & Day)*        *(Year)*

Comcast Programming Holdings, Inc.
    *(Exact Name of Corporation)*

attested by  *W. E. Dordelman*
    *(Signature of Secretary or Assistant Secretary)*

by  *Jordan R. Nadell*
    *(Signature of President or Vice President)*

William E. Dordelman
    *(Type or Print Name and Title)*

Jordan R. Nadell
    *(Type or Print Name and Title)*

Dated November ___ 11 ___, 1999
    *(Month & Day)*        *(Year)*

Comcast Sound Communications, Inc.  (CO)
    *(Exact Name of Corporation)*

attested by  *W. E. Dordelman*
    *(Signature of Secretary or Assistant Secretary)*

by  *Jordan R. Nadell*
    *(Signature of President or Vice President)*

William E. Dordelman
    *(Type or Print Name and Title)*

Jordan R. Nadell
    *(Type or Print Name and Title)*

Dated November ___ 11 ___, 1999
    *(Month & Day)*        *(Year)*

Comcast Sound Communications, Inc.  (IL)
    *(Exact Name of Corporation)*

attested by  *W. E. Dordelman*
    *(Signature of Secretary or Assistant Secretary)*

by  *Jordan R. Nadell*
    *(Signature of President or Vice President)*

William E. Dordelman
    *(Type or Print Name and Title)*

Jordan R. Nadell
    *(Type or Print Name and Title)*

C-195.8
IL020 - 11/9/99 C T System Online

## PLAN OF MERGER

This PLAN OF MERGER was adopted on the 27th day of July, 1999 by and among **Comcast Programming Holdings, Inc.**, a Delaware corporation (**"CPH"**), **Comcast Sound Communications, Inc.**, a Colorado corporation (**"CSC-CO"**) and **Comcast Sound Communications, Inc.**, an Illinois corporation (**"CSC-IL"**) (CSC-CO and CSC-IL together referred to as the **"Comcast Sound Entities"**).  CPH and the Comcast Sound Entities are collectively referred to as the "Constituent Entities".

W I T N E S S E T H :

**WHEREAS,**   CPH is a corporation duly organized and existing under the laws of the State of Delaware, having been incorporated on April 15, 1991.

**WHEREAS,**   CSC-CO is a corporation duly organized and existing under the laws of the State of Colorado, having been incorporated on September 9, 1971.  The authorized capital of CSC-CO is 100 shares of Common Stock, par value $.01 per share (the "CSC-CO Stock").  As of the date hereof, 100 shares of CSC-CO Stock are validly issued and outstanding, fully paid and non-assessable, and are owned by Comcast Corporation.

**WHEREAS,**   CSC-IL is a corporation duly organized and existing under the laws of the State of Illinois, having been incorporated on May 20, 1983.  The authorized capital of CSC-IL is 100 shares of Common Stock, par value $.01 per share (the "CSC-IL Stock").  As of the date hereof, 100 shares of CSC-IL Stock are validly issued and outstanding, fully paid and non-assessable, and are owned by Comcast Corporation.

**WHEREAS,** the Board of Directors and the sole shareholder of each of the Constituent Entities, by resolutions adopted, have approved this Plan of Merger and declared it to be in the best interest of the Constituent Entities that the Comcast Sound Entities merge with and into CPH, with CPH as the surviving corporation (the "Surviving Corporation") in the manner and under the terms and conditions hereinafter set forth and pursuant to the applicable provisions of the Delaware General Corporation Law, the Colorado Business Corporation Act  and the Illinois Business Corporation Act of 1983. (the "Corporation Acts")

**NOW THEREFORE,**  for the purpose of affecting such merger and prescribing the terms and conditions thereof and in consideration of the mutual covenants and agreements contained herein, the Constituent Entities, each intending to be legally bound, hereby covenant and agree as follows:

**FIRST:**       Upon compliance with the applicable provisions of the Corporation Acts, at the close of business on the date on which all state filings required under paragraph FIFTH have been made and accepted (the "Effective Date"), the Comcast Sound Entities shall be merged with and into CPH with CPH as the Surviving Corporation, and the separate existence of the Comcast Sound Entities shall thereupon cease (the "Merger").

**SECOND:**  The Certificate of Incorporation of the Surviving Corporation as in effect on the Effective Date shall be the present Certificate of Incorporation of the Comcast Sound Entities.

**THIRD:**  The Bylaws of the Surviving Corporation as in effect on the Effective Date shall be the present Bylaws of the Comcast Sound Entities.

**FOURTH:**  Directors and Officers:

a)  The directors of the CPH in office on the Effective Date shall be the directors of the Surviving Corporation and shall continue in office until their successors have been elected and qualified.

b)  The officers of the CPH in office on the Effective Date shall be the officers of the Surviving Corporation holding offices in the Surviving Corporation which they hold in the Comcast Sound Entities on the Effective Date, and shall continue to serve until their respective successors have been appointed.

**FIFTH:**  The appropriate officers of CPH and the Comcast Sound Entities shall make and execute, under the corporate seals of the respective entities, if applicable, whatever certificates and documents are required by the States of Colorado, Illinois and Delaware (the "States") to effect the Merger, and to cause the same to be filed, in the manner provided by law, and to do all things whatsoever, whether within or without of the States, which may be necessary and proper to affect the Merger.

**SIXTH:**  Effect of Merger:

a)  On the Effective Date, the separate existence of the Comcast Sound Entities shall cease and CPH shall continue to exist as the Surviving Corporation.

b)  Each share of the Comcast Sound Entities' Common Stock outstanding on the Effective Date will be canceled and extinguished as a result of the Merger and no new shares, securities or other consideration shall be issuable with respect thereto.

c)  All the property, real, personal and mixed, and franchises of the Comcast Sound Entities, and all debts due on whatever account to the Comcast Sound Entities, shall be deemed to be transferred to and vested in the Surviving Corporation, without further action, and the title to any real estate or any interest therein, vested in the Comcast Sound Entities shall not revert or be in any way impaired by reason of the Merger.  On the Effective Date, the Surviving Corporation shall be responsible for all the liabilities of each of the Constituent Entities. Liens upon the property of the Constituent Entities shall not be impaired by the Merger and any claim existing or action or proceeding

2

pending by or against any of the Constituent Entities may be prosecuted to judgment as if the Merger had not taken place or the Surviving Corporation may be proceeded against or substituted in its place.

SEVENTH:     If at any time after the date hereof, including after the Effective Date, the Surviving Corporation shall determine that any further actions or instruments of conveyance are necessary or desirable in order to vest in and confirm to the Surviving Corporation full title to and possession of all the properties, assets, rights, privileges and franchises of the Comcast Sound Entities, then the persons who were officers and directors of the Comcast Sound Entities prior to the Merger shall, as such officers and directors, as the case may be, take all such actions and execute and deliver all such instruments as the Surviving Corporation may so determine to be necessary and desirable.

**IN WITNESS WHEREOF,**  the parties hereto have duly executed and delivered this Plan of Merger as of the date first written above.

Comcast Programming Holdings, Inc.

By: _____

Jordan R. Nadell
Vice President

Comcast Sound Communications, Inc.
(a Colorado corporation)

By: _____

Jordan R. Nadell
Vice President

Comcast Sound Communications, Inc.
(an Illinois corporation)

By: _____

Jordan R. Nadell
Vice President

3

File Number      5309-386-8



STATE OF ILLINOIS
OFFICE OF
THE SECRETARY OF STATE

## To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that
THE FOREGOING AND HERETO ATTACHED IS A TRUE AND CORRECT COPY, CONSISTING OF 7 PAGES, AS TAKEN FROM THE ORIGINAL ON FILE IN THIS OFFICE FOR COMCAST SOUND COMMUNICATIONS, INC..*****



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this    8TH day of    JULY        A.D.    2008     .

Jesse White

SECRETARY OF STATE

Authentication #: 0819000347
Authenticate at: http://www.cyberdriveillinois.com