IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER LIS,<br><br>                Plaintiff,<br><br>    v.<br><br>COMCAST OF CHICAGO, INC., *et al.*,<br><br>                Defendants. | No. 1:08-CV-3984<br><br>Judge Zagel<br>Magistrate Judge Cox |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND STAY LITIGATION**

Roger Lis ("Plaintiff"), on his own behalf and as a representative of a class of similarly situated individuals, opposes Defendants' Motion to Compel Arbitration and Stay Litigation (the "Motion to Compel Arbitration").

**I.    PRELIMINARY STATEMENT**

On June 5, 2008, Plaintiff filed a Complaint against Defendants, on behalf of himself, and as a representative of all similarly situated citizens of Illinois, alleging that Defendants violated the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq.* ("Illinois Consumer Fraud Act") by falsely advertising that Comcast provides unfettered access to the Internet.[1]  In reality, Defendants block, delay, or otherwise impede subscribers' access to certain Internet applications, such as peer-to-peer file sharing.  Defendants are various Comcast entities that, on information and belief, are responsible for the provision of Comcast's high-speed Internet service and the advertising for that service in Illinois.

---

[1] *See* Compl. ¶¶ 1-5, attached as Ex. A to Notice of Removal, July 14, 2008 (d/e 1).  On July 14, 2008, Defendants removed the action to this Court.  As explained in Plaintiff's Motion to Remand, filed herewith, that removal was improper.

The Comcast subscriber agreement contains standard-form terms and conditions that include a uniform arbitration provision.[2]  On August 1, 2008, Defendants filed a Motion to Compel Arbitration, in which Defendants seek to compel Plaintiff to arbitrate his claim on an individual rather than a class basis pursuant to the Comcast arbitration provision (Ex. A-1 § 13, the "Arbitration Provision").

The Court only need look at two clauses within the Arbitration Provision to determine that Defendants' motion is without merit: (1) Section 13(f)(2), the "Class Action Waiver Clause"; and (2) Section 13(i), the "Severability Clause."

First, the Class Action Waiver Clause provides that parties do not have a right to bring class or other representative actions "unless the statute under which [they] are suing provides otherwise."  (Ex. A-1 ¶ 13(f)(2).)  The Illinois Consumer Fraud Act is just such a statute.  *Wigginton v. Dell, Inc.*, No. 890 N.E.2d 541, 548, 321 Ill. Dec. 819, 826 (Ill. App. Ct. 2008) ("[T]he Consumer Fraud Act provides Illinois residents with both the right to proceed as a class representative and the right to be a member of a plaintiff class.") (citing *Kinkel v. Cingular Wireless*, 223 Ill. 2d 1, 35, 857 N.E.2d 250, 271, 306 Ill. Dec. 157 (2006)).  In addition, the Illinois Consumer Fraud Act expressly provides that any waiver "of the rights . . . of this Act" — and bringing a class action is such a right — is "void and unenforceable."  815 ICLS § 505/10c.  Thus, by its plain language and under Illinois law, the Class Action Waiver Clause is unenforceable.

Second, the Severability Clause provides that "[i]f the class action waiver clause is found to be illegal or unenforceable, the entire Arbitration Provision will be unenforceable, and the

---

[2] *See* Comcast Agreement for Residential Services (hereinafter, the "Subscriber Agreement"), attached as Ex. A-1 to Declaration of Alyson A. Foster, August 28, 2008 ("Foster Dec.," attached as Ex. A).  All citations to "Ex. A-__" refer to the exhibits to the Foster Declaration.

dispute will be decided by a court." (Ex. A-1 ¶ 13(i).) Accordingly, because the Class Action Waiver Clause is unenforceable, this entire dispute must be "decided by a court."

In sum, by their own terms and under Illinois law, the Class Action Waiver is unenforceable and therefore the Arbitration Provision is unenforceable. Accordingly, the Court should deny Defendants' Motion to Compel Arbitration.

## II. FACTS

### A. This Action Was Brought Under The Illinois Consumer Fraud Act, Which Provides For Class Actions.

Defendants falsely represented to their subscribers that Comcast provides the fastest possible access to web applications and that it does not block access to any online applications, including peer-to-peer services. Compl. ¶¶ 1, 4, 25-28. In fact, Defendants intentionally block their customers from using peer-to-peer file-sharing applications by deceptively forging what are known as "reset packets," making it appear as if they are coming from one of the computers attempting to share files. *Id.* ¶¶ 2, 29, 32. The forged reset packets tell the transmitting computer to stop its transmission, thus breaking the connection and ending the data transfer. *Id.*

Comcast initially denied that it was blocking its customers' Internet access, but after the Associated Press's and others' tests proved otherwise, it finally admitted that it engages in this practice.[3] And on August 20, 2008, the Federal Communications Commission ("FCC") found that this practice constitutes "unreasonable network management" and ordered Comcast to, among other things, institute a plan to decease the practice. (Ex. A-2 ¶ 1.)

As a result of Defendants' false advertising, Plaintiff and other customers paid for a promised service that they did not receive. Accordingly, the Complaint, which was filed on

---

[3] *See* Federal Communications Commission, Memorandum Opinion & Order, Aug. 20, 2008, in *In the Matters of Formal Complaint of Free Press and Public Knowledge Against Comcast Corporation for Secretly Degrading Peer-to-Peer Applications*, File No. EB-08-IH-1518, WC Docket No. 07-52 ("FCC Order"), ¶¶ 6-9, attached as Ex. A-2 to Foster Dec.

June 5, 2008, alleges that Defendants' false advertising and marketing constitute deceptive trade practices under the Illinois Consumer Fraud Act, including, but not limited to, misrepresentation of goods or services, misrepresentation of a material fact, omission of a material fact, and deceptive advertising.  Compl. ¶ 5; *see* 815 ILCS 505/2.

      **B.**    **Comcast's Terms And Conditions Expressly State That Plaintiffs Can Bring Class And Other Representative Actions Under Statutes That Provide For Such Actions.**

Defendants assert that they mailed the operative Terms and Conditions to all subscribers in January 2008 by inserting the documents into monthly invoices.  *See* Mot. to Compel Arb. at 4-5.  Those Terms and Conditions contain a purported Class Action Waiver Clause in Section 13(f)(2), but the final words in that section provide expressly that litigation (or arbitration) by either party on a class-wide basis is allowed where provided for by statute:

> ALL PARTIES TO THE ARBITRATION MUST BE INDIVIDUALLY NAMED.  THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY CLAIMS TO BE ARBITRATED OR LITIGATED ON A CLASS ACTION OR CONSOLIDATED BASIS OR ON BASES INVOLVING CLAIMS BROUGHT IN A PURPORTED REPRESENTATIVE CAPACITY ON BEHALF OF THE GENERAL PUBLIC (SUCH AS A PRIVATE ATTORNEY GENERAL), OTHER SUBSCRIBERS, OR OTHER PERSONS SIMILARLY SITUATED ***UNLESS THE STATUTE UNDER WHICH YOU ARE SUING PROVIDES OTHERWISE***.

*Id*. (capitalization in original, emphasis added).  Accordingly, the Class Action Waiver Clause is not enforceable in this case because the Illinois Consumer Fraud Act provides for class actions.

      **C.**    **If The Class Action Waiver Clause Is Unenforceable, Then The Entire Arbitration Provision Is Unenforceable.**

Comcast's Arbitration Provision contains a severability clause that provides as follows:

> If any clause within this Arbitration Provision (**other than the class action waiver clause identified in paragraph F(2)**) is found to be illegal or unenforceable, that clause will be severed from this Arbitration Provision, and the remainder of [this] Arbitration Provision will be given full force and effect.  **If the class action**

> **waiver clause is found to be illegal or unenforceable, the entire Arbitration Provision will be unenforceable, and the dispute will be decided by a court.**

(Ex. A-1 ¶ 13(i)) (emphasis added).

Accordingly, the Severability Clause includes a self-destruction term that renders the entire Arbitration Provision unenforceable if the Class Action Waiver Clause is found to be unenforceable. As set forth below, the Class Action Waiver Clause is unenforceable in this case, so "the entire Arbitration Provision will be unenforceable." (Ex. A-1 ¶ 13(i).)

### III.    ARGUMENT

#### A.    Legal Standards.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1-16 (1996), the validity of arbitration provisions is a question of state law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87, 116 S. Ct. 1652, 1656, 134 L. Ed. 2d 902 (1996). Therefore, Illinois law applies to determine the enforceability of the Arbitration Provision here.

The Arbitration Provision must be interpreted according to general contract principles. *Volt Info. Sciences, Inc. v. Bd. of Trustees*, 489 U.S. 468, 474, 109 S. Ct. 1248, 1253 (1989). Under Illinois law, the principle of *contra proferentum* "instructs a court to interpret the language of a contract against the drafter when the language of a contract is ambiguous or susceptible to more than one meaning." *Krause v. GE Capital Mortg. Serv., Inc.*, 731 N.E.2d 302, 310-311 (Ill. App. Ct. 2000). Illinois courts apply this principle to arbitration agreements. *See, e.g.*, *Dannewitz v. Equicredit Corp. of Am.*, 333 Ill. App. 3d 370, 373, 775 N.E.2d 189, 192, 266 Ill. Dec. 627, 630 (Ill. App. Ct. 2002) (interpreting ambiguity in arbitration agreement against company and denying its motion to compel arbitration).

As set forth in Section III.B below, the Arbitration Provision, which was drafted entirely by Comcast, unambiguously provides that the Class Action Waiver Clause is unenforceable in

5

this case because the Illinois Consumer Fraud Act provides for class actions. In addition, the Class Action Waiver is unenforceable because the Illinois Consumer Fraud Act voids all purported waivers of "rights, provisions, or remedies" of the Act, and the Act grants Plaintiff the right to bring a class action. Accordingly, as set forth in Section III.C below, the entire Arbitration Provision is unenforceable because the Class Action Waiver Clause is unenforceable. Alternatively, as set forth in Section IV.D, the Arbitration Agreement may be unenforceable as unconscionable, but discovery would be needed on this point.

> **B.** **The Class Action Waiver Is Unenforceable.**
>
>> 1. <u>The Arbitration Provision Unambiguously Provides That Class Actions Are Allowed Under The Illinois Consumer Fraud Act</u>

The language at issue in the Arbitration Provision is unambiguous. The Class Action Waiver Clause provides that:

> ALL PARTIES TO THE ARBITRATION MUST BE INDIVIDUALLY NAMED. THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY CLAIMS TO BE ARBITRATED OR LITIGATED ON A CLASS ACTION OR CONSOLIDATED BASIS OR ON BASES INVOLVING CLAIMS BROUGHT IN A PURPORTED REPRESENTATIVE CAPACITY ON BEHALF OF THE GENERAL PUBLIC (SUCH AS A PRIVATE ATTORNEY GENERAL), OTHER SUBSCRIBERS, OR OTHER PERSONS SIMLARLY SITUATED *UNLESS THE STATUTE UNDER WHICH YOU ARE SUING PROVIDES OTHERWISE*.

*Id.*, Ex. A ¶ 13(f)(2) (capitalization in original) (emphasis added). Thus, the language in Section 13(f)(2) expressly provides that class and other representative actions are not waived if brought under a statute that provides for such actions.

The Illinois Consumer Fraud Act broadly provides for class and representative actions. *See Wiggington*, N.E.2d at 548, 321 Ill. Dec. at 826 ("[T]he Consumer Fraud Act provides Illinois residents with both the right to proceed as a class representative and the right to be a member of a plaintiff class."); *Kinkel v. Cingular Wireless*, 223 Ill. 2d 1, 35, 857 N.E.2d 250,

6

271, 306 Ill. Dec. 157 (2006) (explaining that, if a class arbitration waiver were enforced, then Illinois consumers would lose their statutory right "to be either the representative or a member of a class"); *Hall v. Sprint Spectrum L.P.*, 876 N.E.2d 1036, 1039 (Ill. App. Ct. 2007) (certifying class under Illinois Consumer Fraud Act).

Accordingly, the Court therefore should find that the Arbitration Provision unambiguously provides that the Class Action Waiver Clause is unenforceable in this matter.

Moreover, if the Court finds that the Class Action Waiver Clause is in any way ambiguous, then the clause must be construed against Defendants and in favor of Plaintiff. *See Wiggington*, 890 N.E.2d at 546-47, 321 Ill. Dec. at 824-25 ("We also emphasize that our policy in favor of enforcing arbitration agreements does not extend to complete prohibitions on the class treatment of disputes that happen to be contained in arbitration agreements. Thus, we are far more inclined to resolve any doubts regarding the procedural unconscionability in favor of the consumer in this case.").[4]

    2.    <u>The Illinois Consumer Fraud Act Expressly Renders the Waiver Void and Unenforceable</u>

The Class Action Waiver also is unenforceable under the plain terms of the Illinois Consumer Fraud Act. Section 10c of that Act states:

> Any waiver or modification of the rights, provisions, or remedies of this Act shall be void and unenforceable.

---

[4] Indeed, other courts already have found that Comcast's Class Action Waiver Clause is unenforceable because it is unconscionable. *See Dale v. Comcast Corp.*, 498 F.3d 1216, 124 (11th Cir. 2007) ("Corporations should not be permitted to use class action waivers as a means to exculpate themselves from liability for small-value claims."); *Kristian v. Comcast Corp.*, 446 F.3d 25, 61 (1st Cir. 2006) ("If the class mechanism prohibition here is enforced, Comcast will be essentially shielded from private consumer antitrust enforcement liability, even in cases where it has violated the law."); *Thibodeau v. Comcast Corp.*, 912 A.2d 874, 885 (Pa. Super. Ct. 2006) ("Should the law require consumers to litigate or arbitrate individually, defendant corporations are effectively immunized from redress of grievances.").

815 ICLS § 505/10c. As described above, Plaintiff has the right to bring a class action under the Act. *See Wiggington*, N.E.2d at 548, 321 Ill. Dec. at 826. Under Section 10c, this right cannot be waived or modified. The Class Action Waiver Clause is therefore "void and unenforceable." *Cf. Tortioello v. Gerald Nissan of N. Aurora, Inc.*, 379 Ill. App. 3d 214, 238, 882 N.E.2d 157, 179, 317 Ill. Dec. 583, 605 (Ill. App. Ct. 2008) (because the Act provides that a court "may award actual economic damages or any other relief which the court deems proper," a punitive damages disclaimer in an arbitration clause is void and unenforceable).

    **C.    Pursuant To The Plain Language Of The Severability Clause, Since The Class Action Waiver Is Unenforceable, The Entire Arbitration Provision Is Unenforceable.**

As set forth above, the Severability Clause provides that "[i]f the class action waiver clause is found to be illegal or unenforceable, the entire [a]rbitration [p]rovision will be unenforceable, and the dispute will be decided by a court." (Ex. A-1 ¶ 13(i).) This language is unambiguous, and, as set forth above in Section II.B., the Class Action Waiver Clause is unenforceable in this case. Accordingly, the Court should find that the entire Arbitration Provision is unenforceable and that this dispute will be decided by the Court.

**IV.    CONCLUSION**

The plain and unambiguous language in Comcast's Terms and Conditions renders the Arbitration Provision unenforceable. Accordingly, Defendant's Motion to Compel Arbitration should be denied.

                                                    **Oral Hearing Requested.**

Dated:  August 29, 2008                    Respectfully submitted,


                    /s Kenneth J. Brennan
                    Kenneth J. Brennan (Il. Bar #6239037)
                    John A. Bruegger (Il. Bar #6278821)
                    SIMMONSCOOPER LLC
                    707 Berkshire Boulevard
                    PO Box 521
                    East Alton, IL  62024
                    Telephone: (618) 259-2222
                    Facsimile: (618) 259-2251
                    Email: kbrennan@simmonscooper.com

                    August J. Matteis, Jr.*
                    GILBERT RANDOLPH LLP
                    1100 New York Avenue, NW
                    Suite 700
                    Washington, DC 20005
                    Telephone: (202) 772-1923
                    Facsimile: (202) 772-1924
                    E-Mail: matteisa@gilbertrandolph.com
                    *Application for Admission Pro Hac Vice to be filed

                    Attorneys for Plaintiff Roger Lis